UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JERRY L. KELLS,

    Plaintiff,

v.

FIRST HORIZON HOME LOAN CORPORATION; et al.,

    Defendants.

3:10-cv-0467-LRH-VPC

ORDER

Before the court is plaintiff Jerry L. Kells's ("Kells") motion to remand filed on July 26, 2010. Doc. #4.[1] Defendant First Horizon Home Loan Corporation ("First Horizon") filed an opposition (Doc. #6) to which Kells replied (Doc. #10).

## I.    Facts and Procedural History

In July, 2004, Kells purchased real property through a mortgage note and deed of trust originated and executed by First Horizon. Eventually, Kells defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Kells filed a complaint in state court against defendants alleging eleven causes of action: (1) injunctive relief; (2) declaratory relief; (3) debt collection violations; (4) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (5) Nevada Unfair Lending

---

[1] Refers to the court's docket entry number.

1  Practices Act, NRS 598D.100; (6) breach of good faith and fair dealing; (7) NRS 107.080; (8) quiet
2  title; (9) fraud through omission; (10) fraud in the inducement; and (11) unjust enrichment.
3  Doc. #1, Exhibit A. Defendants removed the action to federal court based upon federal question
4  jurisdiction. Doc. #1. Thereafter, Kells filed the present motion to remand. Doc. #4.

5  **II.    Legal Standard**

6  Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district
7  courts of the United States have original jurisdiction, may be removed by the defendant or the
8  defendants, to the district court of the United States for the district and division embracing the
9  place where such action is pending." 28 U.S.C. § 1441(a).

10  Removal of a case to a United States district court may be challenged by motion. 28 U.S.C.
11  § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal
12  statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock*
13  *Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566
14  (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against
15  removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67;
16  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

17  **III.   Discussion**

18  A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C.
19  § 1331; 28 U.S.C. § 1441. A case arises under federal law if the complaint establishes either that
20  federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a
21  substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust*
22  *for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

23  Kells's complaint alleges eleven causes of action. Doc. #1, Exhibit 1. Based on the face of
24  the complaint, Kells alleges only state law claims insufficient to grant federal question jurisdiction.
25  In opposition, defendants argue that removal is proper because Kells's claims are rooted in federal
26

2

law. *See Grable & Sons Metal Prod. v. Darue Engineering & MFG.*, 545 U.S 308, 312 (2005) (federal question jurisdiction will lie over state law claims that implicate significant federal issues). Therefore, defendants contend the court may exercise federal question jurisdiction.

However, contrary to defendants' position, the Nevada statutes at issue in Kells's complaint define state claims that are separate from, and have distinct legal precedents different than, their federal counterparts. Although federal regulations are expressly noted in the Nevada statutes, these references only provide a framework for determining the types of claims that can be brought under the state statutes. The fact that a violation of federal law may be a predicate for the violation of state law does not automatically elevate the state claim to a claim requiring "resolution of a substantial question of federal law" sufficient to establish jurisdiction. *Franchise Tax Bd. of Cal*, 463 U.S. at 13. Further, the Nevada courts have interpreted these statutes without implicating federal issues. *See e.g., State ex rel. List v. AAA Auto Leasing & Rental*, 93 Nev. 483 (Nev. 1977) (enforcing NRS 598).

Accordingly, the court finds that Kells's state law claims do not implicate significant federal issues establishing federal question jurisdiction. *See e.g.*, *California ex. Rel Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (finding that removal was proper only because the state causes of action turned on the defendant's compliance with federal regulations). Therefore, the court cannot exercise federal question jurisdiction.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #4) is GRANTED.

IT IS SO ORDERED.

DATED this 18th day of October, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3